# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHAUNCEY LEON WATKINS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-2307 ACL |
| | ) |
| STATE OF MISSOURI, BRENTWOOD | ) |
| POLICE DEPARTMENT, ST. LOUIS | ) |
| COUNTY CIRCUIT COURTS, and ST. | ) |
| LOUIS COUNTY PUBLIC DEFENDERS | ) |
| SYSTEM, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Chauncey Leon Watkins, Jr. (registration no. 32957), an inmate at St. Louis County Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay an initial partial filing fee at this time, and the Court will not assess one. Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. Plaintiff has a negative account balance at this time. Accordingly, the Court will not assess an initial partial filing fee at this time.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff=d* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Complaint**

Plaintiff, an inmate at the St. Louis County Justice Center, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff's allegations arise out of an alleged assault and arrest by police officers from the Brentwood Police Department at the Brentwood I-64 MetroLink Station. Plaintiff also alleges "cruel and unusual punishment" and due process violations arising out of his subsequent proceedings in the St. Louis County Circuit Court. Plaintiff seeks one million dollars in damages.

**Discussion**

Although not named as defendants in the caption of the complaint, plaintiff makes allegations in his statement of the claim against Officer Presson, Sargent Carmen, and Officer Sullivan of the Brentwood Police Department. Plaintiff also lists Judge Tom W. DePriest, Judge Brian H. May, Prosecutor Jeffrey Pauck, and attorneys Travis Martin and Stephen Reynolds as involved in his complaint. His allegations are fragmented, and cursory in nature. For example, as to Judge Tom W. DePriest, plaintiff states: "cruel and unusual punishment, Due Process—did not follow proper procedure of Law (Statue 1.180) 570.040 Repealed 1-1-17, court dates 2-3-17/2-14-17 Division #8." (Compl. at 8.)

These allegations are duplicative of the allegations plaintiff brought previously in the case *Watkins v. Presson*, No. 4:17-CV-1243 DDN (E.D. Mo. filed Sept. 11, 2017), which the Court dismissed pursuant to 28 U.S.C. § 1915(e). Both cases allege the same facts against the same defendants arising out of plaintiff's alleged assault at the Brentwood MetroLink station and the subsequent state court proceedings. As a result, these allegations will be dismissed as duplicative. *E.g.*, *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).

The only defendants not previously dismissed in *Watkins v. Presson*, 4:17-CV-1243 DDN, are the St. Louis County Circuit Courts and the St. Louis County Public Defenders System. Plaintiff makes no specific allegations against these entities, only against the individual judges, the prosecutor, and the public defendants. Even if plaintiff had stated a claim against the entities, these entities are immune from suit under the Eleventh Amendment, because they are agencies of the state. The Eleventh Amendment provides that states and their agencies are immune from suit in federal court, unless the state has consented to be sued, or Congress has abrogated the state's immunity by some express statutory provision. *See Pugh v. Alabama*, 438 U.S. 781, 782 (1978). Plaintiff has not identified any applicable Congressional abrogation of Missouri's Eleventh Amendment immunity, and there is no indication that defendants have waived their immunity and consented to be sued. Thus, the Court finds that defendants St. Louis County Circuit Courts and the St. Louis County Public Defenders System are constitutionally immune from plaintiff's lawsuit. Plaintiff's complaint, therefore, is subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff is not responsible for paying an initial partial filing fee in this action.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of October, 2017.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE